MCCALLA RAYMER LEIBERT PIERCE, LLC
110 S.E. 6th Street, Suite 2400
Ft. Lauderdale, FL 33301
(312) 346-9088 X5174 (t)(f)
Attorney for Secured Creditor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Roberto E. Hernandez, | § § § § | Case No.: 6:23-bk-03560-GER<br>Chapter: 13 |
| Debtor. | § | |

## RESPONSE TO NOTICE OF OBJECTION TO PROOF OF CLAIM NO. 5.1 (DOC. NO. 36)

U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank, National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2007-1 (the "Secured Creditor"), as a secured creditor of the bankruptcy estate Roberto E. Hernandez (the "Debtor"), files the below Response to Notice of Objection to Proof of Claim No. 5.1 (Doc. No. 36), stating as follows:

1. On August 31, 2023, the above captioned petition was filed under Chapter 13 of the Bankruptcy Code.

2. Secured Creditor services the mortgage loan on the property located at 2102 Meadowmouse St., Orlando, FL 32837.

3. On November 09, 2023, Secured Creditor filed its Proof of Claim, #5, illustrating a total debt in the amount of $526,843.96 and pre-petition arrears of $288,867.86.

4. On November 20, 2023, Debtor filed his Notice of Objection to Proof of Claim No. 5.1. (Doc. No. 36).

5. In the objection Debtor states, "I do not recognize this lender exactly, (*sic*) my mortgage was originally being with firs (*sic*) franklin financial corporation." ¶1

6. Attached as <u>Exhibit A</u> is the note that was appended to the Proof of Claim and the original lender was, in fact, First Franklin Financial Corp. However, the note was subsequently endorsed in blank. Secured Creditor, as the holder of the note, has standing to file the Proof of Claim. See *Aquasol Condo. Ass'n, Inc. v. HSBC Bank USA, Nat'l Ass'n*, 312 So. 3d 105, (Fla. 3d DCA Oct. 31, 2018)

7. Debtor then states that Secured Creditor needs to "provide a Modification Agreement, where I made the first payment and they accepted that payment and then they turned around and rejected all payments and tried to give me back my payment, but I already accepted the modification offer." ¶2

8. Attached as <u>Exhibit B</u>, this Court can see that the loan modification was denied due to insufficient payment reduction. If a lender is unable to reduce the monthly payment, via modification, to an amount that the borrower can afford, there is no point to a loan modification, as the borrower would be set up for failure. In this case, the Debtor's loss mitigation request was denied.

Wherefore, Secured Creditor requests the entry of an order overruling Debtor's Notice of Objection to Proof of Claim No. 5.1 and for such further relief as this Honorable Court deems just.

        McCalla Raymer Leibert Pierce, LLC

By: */s/Toni   Townsend*
    Toni   Townsend
    Bar 1022285
    *Admitted to practice in the Middle District of Florida
    Phone: (312) 346-9088 X5174
    Email: Toni.Townsend@mccalla.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 12/28/2023 a true and correct copy of the foregoing was served by U.S. Mail, First Class to:

Roberto E. Hernandez, *Pro Se*
2102 Meadowmouse St.
Orlando, FL 32837

and those parties receiving CM/ECF service

Laurie K. Weatherford
P.O. Box 3450
WinterPark, FL 32790

By: /s/Toni Townsend
      Toni Townsend